# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Hon. José R. Almonte, U.S.M.J. |
| JOSEPH DUPONT, : | |
|   a/k/a "Tips," : | |
| DARION HEMINGWAY, : | |
|   a/k/a "A-boog," : | Mag. No. 24-16111 |
| JUAN HEMINGWAY, : | |
|   a/k/a "Hortz," a/k/a "Glizzy," : | |
| ABDIN REED, : | |
|   a/k/a "Dean," : | **ORDER FOR CONTINUANCE** |
| DARIUS HEMINGWAY, : | |
|   a/k/a "Deebo," : | |
| ASWAD WILLIAMS, : | |
|   a/k/a "Ock," : | |
| DAQUAN FRANKLIN, : | |
|   a/k/a "Big Trigga," : | |
| DARIUS MCGEACHY, : | |
|   a/k/a "Black," : | |
| KHALIS DUTTON, : | |
|   a/k/a "Kha," : | |
| AZIZ ROURK, : | |
|   a/k/a "Ock," : | |
| DAVID BRYANT, : | |
|   a/k/a "Hood," : | |
| KAI ROBINSON, : | |
|   a/k/a "Kai Gzz," : | |
| TONY PAGE, : | |
|   a/k/a "Tony Cz," : | |
| CHAJUAN HEMINGWAY, : | |
|   a/k/a "Juan," : | |
| STEPHON MURPHY, : | |
|   a/k/a "Turk," : | |
| MUHAMMADO DIOKHANE, : | |
|   a/k/a "Mo," : | |
| LOGAN JAMISON, : | |
|   a/k/a "Lo," : | |
| DANIQUE SIMPSON, : | |

|  |  |
|---|---|
| a/k/a "Biz," | : |
| ALVIN BURROUGHS, | : |
| ROBERT FLETCHER, | : |
| a/k/a "Chevy," | : |
| JERMAIN YOUNG, | : |
| MESSIAH GREEN, | : |
| a/k/a "Half," | : |
| JASUAN POSEY, | : |
| a/k/a "Jah," and | : |
| LINDA GRAHAM, | : |

1. This matter came before the Court on the joint application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Christopher Fell, Assistant U.S. Attorney, appearing), and the defendant, represented by counsel who has signed below, for an order granting a continuance under 18 U.S.C. § 3161(h)(7)(A) through January 10, 2025.

2. This Court granted one prior § 3161(h)(7)(A) continuance previously in this case.

3. Counsel for the parties represented that this continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

4. Counsel for the United States also represented that this continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

5. The defendant knows that he has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after his arrest.

6. The defendant, through counsel, has consented to this continuance.

      7.     FOR GOOD CAUSE, THIS COURT FINDS that this case should be continued for the following reasons:

      a.     The charges in this case result from a lengthy investigation, and the pre-indictment discovery the United States is voluntarily providing the defendant involves (many documents/ numerous audio and video recordings/etc.) that defense counsel requires adequate time to review.

      b.     Despite the exercise of diligence, therefore, the circumstances of this case require giving defense counsel a reasonable amount of additional time for effective preparation.

      c.     Plea negotiations are currently in progress, and both the United States and the defendant desire additional time to negotiate a plea agreement, which would render grand jury proceedings and a trial in this matter unnecessary.

      d.     Thus, the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action is continued from the date this Order is signed through January 8, 2025; and it is further

ORDERED that those days are excluded in computing time under the Speedy Trial Act of 1974; and it is further

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

HON. JOSE R. ALMONTE
United States Magistrate Judge

Dated: November 4, 2024

Form and entry consented to:

/s/ Christopher Fell

Christopher Fell
Assistant U.S. Attorney

Anthony J. Iacullo
Counsel for Logan Jamison

- 4 -